By the Court.—Monell, J.
The ground of the objection to the question put to the witness Weinfeldt, was, that it was to collateral matter, which had been elicited from the plaintiff, upon his cross-examination by the defendant, whereby the defendant had made the plaintiff his witness, and therefore, as must follow, although not so stated in the objection, could not impeach him.
It is not necessary, perhaps, to define precisely what is meant by the statute which subjects the examination of a part) as a witness in his own behalf, to the same rules of examination as any other witness. In a general sense, the examination must be conducted as in other cases, and it is possible, that whenever the adverse party, by the nature of the cross-examination, has made the party examined his witness, as he would have done in the case of any other witness, the same rule applies, and the examined party cannot be impeached as to such testimony. So that if a party is interrogated and gives evidence on a cross-examination as to a merely collateral matter, he cannot be impeached by proof of declarations inconsistent with such evidence. So far, I think, the rules regulating the examination, are alike, and the learned justice regarding the matter which had been elicited upon the cross-examination of the plaintiff as collateral, and therefore, immaterial, would not allow any impeaching testimony.
Had the witness not been a party to the action, I should have no difficulty in sustaining the decision. The . plaintiff had sued on a special contract, whereby he was to receive one hundred dollars a week, for all the *296 time the business of the distillery was suspended ; under such a contract he was not bound to seelc other employment, and any evidence that he did not seek other employment, was wholly immaterial, unless he succeeded, when the defendants might be entitled to a credit for the amount he received.
But this was a case of a party under examination, * and the question propounded to the witness allowed of an answer containing an admission or declaration of a party to the action, and as such, it was clearly, I think, a proper question. It is always competent to prove the declarations of a party as to any thing pertinent to the issue ; and when a question put to a party calls by its answer for an admission, it is not to be affected by any of the rules relating to the impeachment of witnesses. It is impossible to say what would have been the answer to the question put to the witness in this case, but it is easy to see, that the answer to that and another question which might have followed it, if the first had been allowed to be answered, might have contained a material and important declaration of the plaintiff.
But without speculating upon what might have been the answer, it is enough that the question was proper, as proving or tending to prove a declaration of the party, the materiality of which could only be ascertained by the witness’ answer, and upon the exception to the decision of the learned justice, we must hold it to have been erroneously excluded.
For this reason the judgment must be reversed, and a new trial granted.
The motion for a new trial on the ground of surprise and newly discovered evidence, was properly disposed of at the special term. The evidence claimed to be newly discovered was cumulative, and the grounds of the alleged surprise not sufficient to authorize us to set aside the verdict.
*297 That order should be affirmed, with costs.
Judgment reversed and new trial ordered, with costs to the appellant to abide the event.